IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

SAMUEL LEWIS TAYLOR,　　　　　　　)
Register No. 166914,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　　)　　No. 08-4056-CV-C-NKL
　　　　　　　　　　　　　　　　　　　)
DARLENE WANSING,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　　　)

## ORDER

On May 7, 2008, United States Magistrate Judge William A. Knox recommended dismissing plaintiff's claims. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on May 20 and 29, 2008. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. The state provides adequate remedies for the loss of property, and therefore, there is no absence of due process. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Orebaugh v. Caspari, 910 F.2d 526, 27 (8th Cir. 1990). Plaintiff may challenge the withdrawal of funds from his inmate account in the state court system.

Plaintiff cites Taylor v. Phillips, No. 07MI-CV00784 (Mississippi County, Mo. Cir. Ct. 2007), to show he attempted to use the state court system but was denied the ability to do so. That case was against a defendant other than defendant Wansing, and was filed in a Missouri county other than the one appropriate for the current claim.

The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

On May 7, 2008, the court granted plaintiff leave to proceed in forma pauperis on a provisional basis, and by doing so, the court determined to forego the collection of the $350.00

filing fee established for civil cases.  Plaintiff was warned that the court would collect the entire $350.00 filing fee if he filed another pleading in this case.  See 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account).  A review of plaintiff's financial documentation indicates he is capable of paying an initial partial filing fee of $1.87.

On May 29, 2008, plaintiff filed a motion to clarify whether this case would be the third case dismissed on grounds which would trigger the three-strikes provision of 28 U.S.C. § 1915(g).  A review of plaintiff's cases indicates that Taylor v. Schriro, No. 01-0038 (E.D. Mo. 2002), and Taylor v. Purkett, No. 98-0170 (E.D. Mo. 1998), were dismissed for failure to state a claim or because legally frivolous.  Dismissal of the current case will be the third case and the three-strikes provision will apply to future cases filed by plaintiff in this court.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal.  Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997).  The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of May 7, 2008, is adopted.  [6]  It is further

ORDERED that plaintiff's claims are dismissed, pursuant to the provisions of 28 U.S.C. § 1915A., for failure to state a claim for which relief can be granted.  It is further

ORDERED that plaintiff's initial partial filing fee is calculated at $1.87 and the Missouri Department of Corrections is directed to deduct from plaintiff's inmate account, and forward to the court, the initial partial filing fee and installment payments, in accord with the provisions of 28 U.S.C. § 1915, until the $350.00 filing fee is paid in full.  It is further

ORDERED that plaintiff's motion to clarify is granted.  [9]

/s/
NANETTE K. LAUGHREY
United States District Judge

Dated:  June 20, 2008
Jefferson City, Missouri